Edward J. Moloughney, Respondent, *v.* Maurice Deiches and Another, Appellants.

First Department, November 4, 1927.

Landlord and tenant — rent — notice to tenants in 1922 of increase in rent — tenants paid original rent three years thereafter — action to recover reasonable rental under Emergency Rent Laws — defendant not entitled to judgment on pleadings in view of plaintiff's claim that money was accepted without prejudice.

Shortly before the expiration in 1922 of defendants' lease of an apartment in New York city, the plaintiff landlord notified the tenants that the rent would be increased at the expiration of the lease. The defendants, however, continued in possession and continued to pay the original rent for nearly three

years. This action is to recover the reasonable rental of the premises, under the Emergency Rent Laws.

The defendants are not entitled to judgment on the pleadings on the theory that the acceptance of the original rent waived any claim to the increase, since the plaintiff contends that the original rent was accepted by him without prejudice to his rights subsequently to demand and sue for an additional sum as the reasonable value of the premises.

APPEAL by the defendants, Maurice Deiches and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1927, denying defendants' motion for judgment on the pleadings.

*Elwood G. Feldstein* of counsel [*Maurice Deiches* with him on the brief; *Deiches, Goldwater & Flynn*, attorneys], for the appellants.

*Frederic H. McCoun* of counsel [*Scudder, McCoun & Kerfoot*, attorneys], for the respondent.

McAVOY, J. The Special Term denied a motion made by defendants herein for judgment on the pleadings.

The action is one for the rental value of an apartment at No. 445 Riverside Drive, New York city. The written lease under which defendants held the premises expired on September 30, 1922. The defendants, however, did not vacate on that date and continued in the occupation of the premises as statutory tenants. This is pleaded both by plaintiff and defendants. The tenants were thus holdovers and liable under the Emergency Rent Laws (Laws of 1920, chap. 136, § 4; renum. from § 3 by Laws of 1920, chap. 944, as amd. by Laws of 1921, chap. 434; continued by Laws of 1922, chap. 663, as amd. by Laws of 1923, chap. 892; and by Laws of 1924, chap. 6; since continued in part by Laws of 1926, chap. 6, and Laws of 1927, chap. 568) for a fair and reasonable rent for the premises which might be recovered in a separate action. The annual rental prescribed in the lease, which expired in September, 1922, was $1,800, which was payable in monthly installments of $150 in advance. In July, 1922, plaintiff served a written notice on the tenants advising them that after October first a rental of $2,880 per annum would be required. The tenants continued to pay the agreed rent from October 1, 1922, to June 1, 1925, and failed to pay the increase, which would amount to $90 per month, from October 1, 1922, to June 1, 1925, in all the sum of $2,880 which is the amount sued for.

The plaintiff's contention is that the sum of $150 was accepted without prejudice to his rights to subsequently demand and sue for the additional sum as the reasonable value of the premises.

The defendants' answer, besides certain denials, sets up that $150 is the fair and reasonable rental value of the premises and that they satisfied and discharged the plaintiff's claim by paying plaintiff the sum of $150 each month which the plaintiff received in full settlement, accord and satisfaction of the alleged claim. They also plead that the rent demanded by the plaintiff is unjust, unreasonable and oppressive under permission of chapter 944 of the Laws of 1920 and the acts amendatory thereof and supplemental thereto, allowing such a defense to an action for rent or rental value.

It is obvious that the questions raised in the briefs as to whether such an action may be brought for the rental value of the premises after the expiration of three years from the time when the notice or demand for increased rental was served cannot be decided on these pleadings. There are issues of fact raised in the answer which can only be determined upon evidence. For instance, if the tenant paid $150 after the notice of the increased rental was served without prejudice to a subsequent action to be brought to fix the rental value of the premises, such action might proceed to determine what the rental value was and the difference would be recoverable. On the other hand, if, as defendants allege, the $150 was accepted and received in full settlement and in accord and satisfaction and discharge of the claim by this payment, plaintiff cannot recover. Except for some such agreement as the payment of the rent prescribed by the former lease during the continuance of the statutory tenancy, without prejudice to subsequent suit, we do not think the Rent Laws contemplated a right in the landlord to sue for the sum of an increased rental covering the period during which the rental paid under the original agreement was accepted. The remedy prescribed in the Rent Laws was simple. If the holdover tenant refused to pay the amount demanded in an increased rental. the landlord was required to establish the rental value by suit brought for that purpose and thereafter he would be entitled to collect such rental or dispossess the tenant. He could not retroactively impose a charge upon the tenant which was greater than the sum prescribed in the lease. The pleadings here, however, do not present this question by sufficient admissions of the status of the parties or their agreement with respect to payments during defendants' statutory tenancy.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.